## SOUTHERN RY. CO. v. DOUGLAS.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1923.)

No. 3794.

**1. Carriers ☞348(7)—Instructions in action for injury to passenger approved.**

In an action against a railroad company for injury to a passenger by the movement of the train without warning while she was alighting at a station, the issue of plaintiff's contributory negligence *held* correctly submitted to the jury by the instructions.

**2. Trial ☞260(I)—Requests covered by general charge properly refused.**

The refusal to give requested instructions sufficiently covered by the general charge is not error.

**3. Trial ☞251(8)—Requests inapplicable to issues properly refused.**

Where plaintiff claimed no negligence of defendant carrier, other than as specifically alleged in her declaration, the refusal of defendant's requested instruction as to its duty in other respects, not in issue, was not error.

**4. Carriers ☞317(7)—Evidence of failure to station employee at coaches where passengers were alighting admissible to show failure to give warning of train movement.**

In a passenger's action for injuries received while alighting by the sudden starting of the train to move it to its proper place at the station platform, evidence that no employees were stationed at the place the coaches first stopped, to warn or assist alighting passengers was admissible to prove that no warning was given, though plaintiff alleged no negligence in failing to assist her to alight.

**5. Appeal and error ☞1170(7)—Where court restricted jury to consideration of acts of negligence specified, admission of evidence of other negligence harmless.**

Where plaintiff claimed injury from sudden starting while she was alighting, but claimed no negligence from failure to assist her to alight, and the court limited the jury to consideration of particular acts of negligence alleged, the admission of evidence that defendant did not station employees at place where coaches stopped to assist passengers to alight, or warn them that train was about to move, *held*, under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), not prejudicial, even if such evidence was incompetent for any purpose.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Action at law by Mollie Douglas against the Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Robert E. King, of Memphis, Tenn. (Ewing, King & King, of Memphis, Tenn., on the brief), for plaintiff in error.

G. T. Fitzhugh, of Memphis, Tenn. (Edwin G. Bell, of Memphis, Tenn., on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The defendant in error brought an action in the circuit court of Shelby county, Tenn., to recover damages from the Southern Railway Company for personal injuries sustained by her and alleged to have been occasioned by the negligence of the defendant, while she was alighting from the defendant's passenger

train at Memphis, Tenn. The declaration contains two counts. The first count avers in substance that on the 3d day of July, 1920, she was a passenger upon one of the passenger trains of the defendant, en route from Neshoba to the city of Memphis; that when this train had reached the Union Station at Memphis the defendant caused the same to be brought to a stop, thereby inviting the plaintiff and other passengers to alight; that other passengers did alight from the train, and the plaintiff had reached the platform and steps of the coach in which she was riding, and was in the act of alighting, when the defendant negligently started the train, throwing her to the pavement and seriously injuring her. The second count is substantially the same, except that it contains the further averment that, when she was in the act of leaving the coach, the defendant, without any warning or notice to plaintiff, caused the train to be moved with a sudden and unusual jerk, thereby violently precipitating the plaintiff to the pavement and floor of the station, resulting in the injuries described in the first count.

Upon the petition of the defendant the cause was removed to the United States District Court on the ground of diversity of citizenship. Issues were joined by pleas of not guilty and contributory negligence, and the cause was tried by a jury, resulting in a verdict for the plaintiff. A motion for new trial was overruled, and judgment was entered upon the verdict.

It is claimed on behalf of the plaintiff in error that the trial court erred in not sustaining the motion made at the conclusion of all the evidence for a directed verdict on the first count of the declaration, for the reason that there was no evidence whatever to sustain or tending to sustain the act of negligence alleged in that count. This contention is based upon the claim that it is alleged in the first count of the declaration that the train started with an ordinary movement and threw plaintiff to the station platform while she was in the act of alighting. The first count of the declaration, however, contains no averment whatever as to the manner in which this train was started, but on the contrary avers:

"The defendant negligently started said train before she had safely alighted therefrom."

Proof that the train started either with or without a sudden and unusual jerk, at the time and under the circumstances detailed in the first count of the declaration would sustain this averment. The motion for a directed verdict on this count was properly overruled.

Upon the trial of this case, evidence was offered tending to prove that the defendant in error was a passenger for hire, on a regular passenger train of the Southern Railway Company; that her destination was Memphis, Tenn.; that at the Memphis station there is a concrete platform extending along the tracks the full length of the train sheds, a distance of about 300 or 400 feet; that trains stop all along this platform; that the usual stopping place of this train for discharging and receiving passengers was at the butting post at the inner end of the station building or sheds; that when this train reached the south end of this concrete platform the flagman on the train announced, "Memphis, Union Station;" that the train shortly thereafter stopped

about three car lengths from the butting post; that the passengers thereupon proceeded to alight therefrom; that some had alighted and some, including the defendant in error, were in the act of alighting, when the defendant, without any notice or warning whatever, started the train and backed it to the butting post; that the train was started with a sudden and unusual jerk, causing the defendant in error to be violently thrown to the concrete platform of the station, resulting in the injuries for which she asks damages.

There is also evidence tending to prove that the train was started without any sudden and unusual jerk, and that the accident to plaintiff, resulting in her injuries, was occasioned by her attempt to alight from the train while it was in motion. These are the only questions upon which there is any substantial conflict in the evidence.

[1] There are a number of assignments of error, based upon alleged errors in the charge of the court as given, but it appears from the record that the plaintiff in error excepted to but two portions of this charge:

First, "that the plaintiff would not be guilty of negligence unless she got off of the train seeing and knowing that the train was in motion;" and, second, "that the defendant owed to the plaintiff the highest degree of care while she was alighting from the train. I except to that, unless it is limited by this: That if the train was at its usual stopping place, or if it was at the place where it came to a momentary stop, and she was misled by thinking that was the usual stopping place."

It does not appear from this record that the court charged that the plaintiff would not be guilty of negligence unless she got off the train seeing and knowing that the train was in motion; but, if the general charge was subject to such construction, the court at the conclusion of its charge upon the suggestion of counsel for plaintiff, added the following:

"If she did not exercise ordinary care to ascertain whether it was moving, then she would be guilty of contributory negligence."

This, undoubtedly, was a correct instruction in reference to the care that should have been exercised by the plaintiff for her own safety.

Nor did the trial court err in that part of its charge to which the second exception is directed. The jury was fully advised by other parts of the charge of the court in reference to contributory negligence, that if the defendant in error attempted to alight from the train while it was in motion and she knew it was in motion, or without exercising ordinary care to ascertain that fact, she would be guilty of contributing to her own injury and could not recover. Therefore this part of the general charge, to which the second exception was directed, could not have been construed by the jury as having application to the plaintiff's alighting therefrom when the train was in motion. That plaintiff and her fellow passengers believed, and were fully justified in believing, that the train had reached its final stop for the purpose of discharging and receiving passengers at its Memphis station, when they attempted to alight therefrom, clearly appears from the uncontroverted evidence in this case. It further appears that the officers and agents of the defendant railroad company had full opportunity to know, and

did know, that the passengers, including this plaintiff, believed that the train had come to a final stop, and that, acting upon that belief, some had alighted and others were in the act of alighting when the train was put in motion. Under these circumstances the railroad company did owe to this defendant in error the highest degree of care for her safety while she was attempting to alight from this train when it first stopped in the Memphis station. The charge upon that subject, construed in connection with the whole charge, and particularly that part in reference to contributory negligence, is not erroneous.

[2] The plaintiff in error submitted to the court nine special requests to charge, all of which were refused. It is unnecessary to review these requests in detail. The first, second, sixth, seventh, and eighth requests relate to the question of contributory negligence, and are fully covered in the general charge. The ninth request was also covered in the general charge in this language:

"You can exercise neither sympathy for the plaintiff because she is a woman, nor prejudice against the plaintiff for any reason whatsoever, nor sympathy for the defendant for any reason whatsoever, nor prejudice against the defendant because it is a corporation. You gentlemen will try and determine this case without regard to who the plaintiff is, or who the defendant is, so far as that particular fact would cause you to have sympathy or prejudice one way or the other; but, as I say, you must determine it without sympathy or prejudice either for or against the one party or the other."

The third and fourth requests have reference to the same question presented by the motion for a directed verdict on the first count of the declaration and were properly refused.

[3] The fifth request was directed to the duty of the defendant railroad company to have some one present to help plaintiff from the car. That was not assigned as negligence in plaintiff's petition, and was not an issue in this case. The court fully explained to the jury the alleged negligence upon which plaintiff based her right to recover. The plaintiff made no claim that she was entitled to recover on any act of negligence not specifically alleged in her declaration. The request was properly refused.

[4, 5] During the trial a witness was asked by counsel for plaintiff:

"If there was any one stationed at the place where these two coaches joined to assist anybody off?"

To this question an objection was interposed upon the ground that there was no averment in the declaration that the railroad company was guilty of any negligence in not having anybody to assist passengers off the train and was therefore immaterial. The counsel propounding the question then stated:

"We say without warning—anybody there to warn them."

The witness was then permitted to answer:

"No; we don't keep switchmen at the end of every car to help passengers off and on."

This evidence was admissible as tending to prove that no warning was given, or, under the circumstances, could have been given, to passengers alighting at this part of the train. Counsel propounding the

question explained, in the presence of the jury, the purpose for which it was offered, and the court, if requested, would, no doubt, also have so limited the application of this evidence. The court, in its general charge, did limit the jury to a consideration of the particular acts of negligence alleged in the declaration. Therefore this evidence could not have been prejudicial, even if it were not admissible for any purpose. Section 269, Judicial Code, as amended February 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

It is unnecessary to notice in detail the other assignments of error. It is sufficient to say that in the opinion of this court no error intervened in the trial of this cause to the prejudice of the plaintiff in error.

The judgment of the District Court is affirmed.